Robert G. Ryan for the petitioners. Your Honors, we have a preliminary matter to address here. I'd like to ask Mr. Bernstein, government's counsel, to come to the podium. If I may. Court's permission. All right. Good morning, Your Honors. May it please the Court. My name is Jeffrey Bernstein and I represent the government. It came to my attention this morning that this matter has been remanded back to the Board of Immigration Appeals. Apparently, after the Board of Immigration Appeals decided, issued the final order of removal, in this case, the petitioner moved for reconsideration and reopening. The Board of Immigration Appeals, I believe on April 15, 2003, denied both motions. Subsequently, the petitioner, in this case, also petitioned for review of the Board's order denying the motion to reopen. And after the petitioner filed her opening brief, the government filed a motion seeking remand to the Board so that the Board could determine, reconsider whether or not the petitioner's motion for reconsideration was timely. The Board had denied the motion for reconsideration as being untimely. It seems to me, given that the matter is now before the Board to determine whether or not a motion for reconsideration of the original final order of removal is untimely, that this Court does not have jurisdiction because there doesn't appear to be a final order of removal. When was all this? When did we lose jurisdiction, in your view? I believe you lost jurisdiction when the ---- What day? What day, Your Honor? I don't know when the Board, when the Court, I can't, I don't know the date the Court granted our motion to remand the matter to the Board. Let me just, I think it was a couple of months ago. Well, here we have prepared this case, spent a lot of time on it. Both of you had information. I mean, I'm happy for the petitioner, but, you know, we spent a lot of time on this case. And I apologize, Your Honor. You know, I, unfortunately, I come late to this case. What seems to have happened is I, I, the reason I learned about the denial of the motion for reconsideration and reopening is because I was assigned to argue the case, and I noted that there had been a motion to reopen. And so I searched the Board's records to indicate if there had been, to determine whether or not there had been any action, and learned that the matter had been, that the Board had decided the motion for reconsideration and denied it. I immediately forwarded to the Court a Rule 28J letter advising the Court of that fact. Mr. Ryan, when did you discover that the matter, that there was no final order of removal? Your Honor, we actually assumed that the Court had remanded the case pursuant to the government's motion to remand on the merits, and that this Court, I assumed and perhaps incorrectly, had sent the second case back, if you will, the second petition back, since it appeared to have enough information and enough on the briefs here to decide this case. And that was my assumption. Evidently, that was wrong. But I, that's what I assumed the Court was doing. I want to have you, Mr. Bernstein, run by us again exactly every step in this. Yes, Your Honor. Every step beginning when? Okay. The IJ granted the relief. That's correct, Your Honor. Okay. The appeal was timely to the BIA. That's my recollection, Your Honor. Okay. And the Board reversed the immigration decision. And the Board reversed. And a petition for review was taken from that. That's correct. And that's the matter that we are ostensibly here. That's what I thought we were hearing. Okay. Now, subsequent to the timely filing of a petition for review with us, at the same time, petitioner moved to reopen? Moved to reopen and reconsider. I'm not quite so sure about the timing with respect to the first appeal, but they certainly did, after the issuance of the Board's final order, move to reconsider and reopen. The Board denied that by order dated, I believe, April 15, 2003. And, again, the petitioner ---- Now, that wouldn't affect our jurisdiction at all. We've got the main thing coming forward. That's correct, Your Honor. And, in fact, I think ---- Okay. So I just want the sequences. Let's not get into a big ---- So then next, what happened? Then next, Ms. Sale appealed the denial of the motion to reopen and motion for reconsideration. And then, again, I don't have the date of the motion. I just actually had a chance to quickly glance at it down in the clerk's office this morning. The government moved to remand the matter to the Board so that the Board could reconsider. Let me step back for a second. The government moved to whom, to what tribunal? Us. To this Court. Let me just go back one step. The reason that the Board denied the motion for reconsideration was because it found it to be untimely. And I think that's probably what's missing. Again ---- Now, motion for reconsideration and motion to reopen are different. They denied the motion for reconsideration. In this case, they are. I mean, sometimes they kind of merge. And it's a bit muddy at times, but in this case there were two separate motions and the Board denied them both. And, again, the ---- But they didn't deny the motion for reopening for untimeliness. They just ---- That's correct, Your Honor. Okay. They denied that on the merits. Okay. So then a petitioner appeals to this Court and the government moves us to remand it to the BIA. To reconsider the determination that the motion for reconsideration was untimely. Okay. Now, we contend it is definitely timely. And what happens next? The matter is the Court grants the motion. The Ninth Circuit. Yes. Okay. Your Court granted the motion. But why do we not still have jurisdiction to hear this main appeal? Because the matters implicated in the motion for reconsideration arise directly out of the Board's first order. And the Board's first order is in front of this Court. So, essentially, when the motion for remand was granted, the matter was remanded to the Board of Immigration Appeals to determine whether or not it should reconsider its determination that the motion for reconsideration was untimely. And, obviously, if it determined that the motion for reconsideration was timely, it would then consider the arguments made to the Board, which contested the original final order of the petition. And are you both going to go to the Board and say, Board, you were wrong, it was timely? No, Your Honor. Our position is that it was definitely timely. We're not going to concede that. Well, then why did you move to remand to consider whether it was untimely? Your Honor, I attempted to contact the attorney who filed that motion. I don't know. I mean, obviously, it would seem clear that the attorney who filed the motion on behalf of the government ---- Thought it might be timely. ----thought it might be timely or thought that there certainly was an issue that the Board may not have considered. So the bottom line is if the motion for ---- if the Board finds the motion for reconsideration timely, and it will then reconsider the basis of the order which is before you. So it seems that this appeal would be at least, at most, premature. Well, are you suggesting that we at this time stay this appeal, keep it on the docket, but put it on ice? Again, Your Honor, it would appear that the Court does not have jurisdiction. So I guess we would ask that the Court dismiss this appeal for lack of jurisdiction. And, of course, that one minute you're shaking your head, I love all of this, and all of a sudden your eyes went up to the ceiling. Well, we don't agree with a motion to dismiss this appeal. We want to keep this appeal. We can put it on ice, have the Board entertain the motion to reconsider, which was timely filed. Perhaps that will resolve the entire case. Maybe they'll reconsider and grant relief. Sure. But if we were to dismiss this appeal, all that they could come up on, on another ---- I suppose we could dismiss it without prejudice to reinstatement, which causes a lot of trouble if the government were to decide again that it was untimely. Your Honor, if I may, Judge Fletcher, your time has expired. Go ahead. All right. Maybe it's that we had joint time here. I don't know. We would move to consolidate the two cases. We simply don't want to give up this case. And I don't think it would be any prejudice to any of the parties if we do that. But we definitely want to keep everything that we have in the file on this case and then consolidate the second case if it's necessary to do so. I don't think we would need to consolidate at this time. But I think we just ice it, but keep it. All right. If I may, Your Honor, may I? I guess one of the problems in this case occurred because under the Supreme Court's precedent, when a motion for rehearing and or reopening, excuse me, a motion to reopen and or reconsideration is filed with the board, the Supreme Court has held that that does not require the dismissal of the first appeal. And the Supreme Court also suggested that when proceedings on reopening, reconsideration were completed, then there would be no need for a new appeal, that the two would be merged. However, saying that, so I think that's the way it should have gone. In other words, I don't think that there needed to be a new petition. But the problem at this stage, Your Honor, is that the court doesn't have jurisdiction over this matter if it's a, if it's a, if there's no final order of deportation slash removal. And it can only dismiss. You certainly can fashion an order noting the Supreme Court's dictate in INS versus the one I just brought up we know is not a good one.   So we now go to Wangso versus Ashcroft.
judges: B. Fletcher,trott, Fisher